## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2019, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John D. Parks
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John D. Parks,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 22, 2019

Court of Appeals Case No.
18A-CR-1220

Appeal from the Newton Superior Court

The Honorable Daniel J. Molter, Judge

Trial Court Cause No.
56D01-1107-FB-8

**Najam, Judge.**

## Statement of the Case

[1] John D. Parks appeals the trial court's denial of his Indiana Trial Rule 60(B) motion for relief from judgment. Parks raises a single issue for our review, which we restate as whether the trial court abused its discretion when it denied his motion for relief from judgment.

[2] We affirm.

## Facts and Procedural History

[3] On July 12, 2011, the State charged Parks with one count of dealing in methamphetamine, as a Class B felony, and one count of possession of methamphetamine, as a Class D felony. Thereafter, Parks entered into a plea agreement with the State in which Parks agreed to plead guilty to one count of dealing in methamphetamine, as a Class B felony, and, in exchange, the State dismissed the other count. The plea agreement also provided for Parks to be sentenced to twenty years in the Department of Correction. The trial court accepted Parks' plea agreement, entered judgment of conviction, and sentenced him to a term of twenty years.[1]

[4] On March 2, 2015, Parks requested that he be allowed to participate in a purposeful incarceration program. The trial court granted Parks' request and

---

[1] On the same day, the trial court sentenced Parks to a term of eight years for a conviction under a separate cause number. The trial court ordered Parks' twenty-year sentence in the instant offense to run consecutive to his eight-year sentence in the other cause number.

permitted Parks to enter a therapeutic community program. The court also indicated that it "will consider a sentencing modification if [Parks] successfully completes" the program. Appellant's App. Vol. II at 19.

On February 23, 2016, Parks successfully completed the therapeutic community program. Accordingly, Parks filed a motion to modify his sentence. In that motion, Parks stated that he had completed the therapeutic community program and that he had completed four additional self-help programs. Those additional programs included: a bible study correspondence course, a Power Over Addiction correspondence course, a six-month recovery class, and a purposeful living course. The trial court held a hearing on Parks' motion. During the hearing, Parks requested that the trial court modify the remainder of his sentence to three years on work release followed by two years on home detention. The trial court denied Parks' motion.

On August 22, Parks filed a second motion to modify his sentence. In that motion, Parks stated that he had been accepted into a residential recovery program called the Wabash Valley Teen Challenge. At a hearing on Parks' second motion, the trial court determined that the Teen Challenge program was not an appropriate program for Parks.[2] Accordingly, the trial court took Parks' second motion under advisement and allowed him the opportunity to find a suitable facility for his treatment. Thereafter, Parks was accepted into a

---

[2] At the time of the hearing on Parks' second motion, Parks was thirty-five years old.

residential program at Home for Hope, and Parks requested that the court hold another hearing on his second motion to modify his sentence.

[7]  The court held an additional hearing on Parks' second motion on November 13, 2017.  During the hearing, Parks testified about the classes he had taken while incarcerated.  Specifically, Parks testified that he

> went through cognitive thinking[, which] changed my behavior, my ways of addiction, through the PLUS program.  Then when I filed to be purposely incarcerated—and thanks to you granting that motion—I was able to undergo a twelve-step program while incarcerated, the Therapeutic Community, TC CLIFF program and graduated that as well.  Throughout both programs I've been leadership within the programs, and after graduating the CLIFF program, the PLUS program thought that I was an asset to the program and called me back over there to be in leadership again, which I just completed a DOL as a lead aide.  As a lead aide in the PLUS program in a maximum security prison, you have to hold other offenders accountable for noise level, going into a cell that's not their own, for being on the top range, pretty much doing the work of a correctional officer while we're in there.  We have to write other offenders up and we have reflection groups, lead community meetings, mentoring process and I've been doing this for the last three years.  Along with that, I've also took [sic] advantage of all the correspondence courses that I could have access to such as Celebrate Recovery, Mothers Against Methamphetamines and things of that nature while I've been incarcerated.  I've done every program in the facility and I've remained conduct and report free for around six years now.  And there's nothing else for me to do at the facility except to move forward in my recovery.

Tr. Vol. 2 at 25-26.

[8] The State objected to Parks' modification request because Parks still had eight years remaining on his sentence pursuant to the terms of his plea agreement. The State also contended that, while Parks should be "stepped down" from the maximum-security facility, it was "premature" to release Parks directly to a residential program from his current placement. *Id*. at 28. At the conclusion of the hearing, the trial court agreed with the State and found that Parks had too much time remaining on his sentence for a modification to be appropriate and that Parks was not yet "ready" for the residential program. *Id*. at 30. Accordingly, the trial court denied Parks' second motion to modify his sentence. However, in its order denying Parks' motion, the court recommended that Parks "be transferred to a minimal secured facility and authorize[d] the placement of [Parks] in a work release program through the Department of Correction." Appellant's App. Vol. II at 59.

[9] On March 5, 2018, Parks, *pro se*, filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B). In his motion, Parks contended that the trial court made a mistake when it recommended that he be moved to a less secure facility but did not also modify his sentence. Specifically, Parks asserted that, despite the trial court's recommendation, he was not eligible to be moved to a minimum-security facility or to be placed in a work-release program without a sentence modification because he had too much time left on his sentence. He also asserted that his attorney had failed to present to the trial court the legislative intent behind the statute on sentence modification and a

complete list of his accomplishments and that it was excusable neglect to rely on his attorney.

[10] The State responded to Parks' motion and asserted that his motion was an improper substitute for a direct appeal; that the trial court had already been presented with the information on Parks' accomplishments that Parks contends his attorney did not present; and that Parks had not made a showing of mistake, surprise, or excusable neglect. On April 13, the trial court denied Parks' motion without a hearing. This appeal ensued.

## Discussion and Decision

[11] On appeal, Parks, *pro se*, asserts that the trial court abused its discretion when it denied his motion for relief from judgment under Indiana Trial Rule 60(B)(1).[3] Trial Rule 60(B) provides, in relevant part, that "[o]n motion and upon such terms as are just the court may relieve a party . . . from a judgment . . . for the following reasons: (1) mistake, surprise, or excusable neglect . . . ." A movant for relief from judgment under Trial Rule 60(B)(1) "must allege a meritorious claim or defense."

[12] As we have explained:

---

[3] Parks indicated in his motion for relief from judgment that he was filing that motion pursuant to Indiana Trial Rule (60)(B)(1) and (8). However, he made no argument in his motion regarding subsection (8), nor does he make any argument under that subsection in his brief on appeal. Accordingly, we will treat Parks' motion as one filed pursuant only to Indiana Trial Rule 60(B)(1).

> A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from . . . a judgment. Moreover, a Trial Rule 60(B)(1) motion is addressed to the trial court's equitable discretion, with the burden on the movant to affirmatively demonstrate that relief is necessary and just.

*Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999) (citations omitted), *trans. denied*. In light of the equitable nature of a request under Trial Rule 60(B)(1), our standard of review is deferential:

> Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. . . . The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. . . . Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court.

*Id*. at 1253 (citations omitted).

Here, Parks contends that the trial court abused its discretion when it denied his Trial Rule 60(B) motion because the Department of Correction "was incapable of effectuating" the intent of the trial court that Parks be moved to a minimum-security facility without a modification to his sentence. Appellant's Br. at 7. In essence, Parks contends that the trial court made a mistake when it

recommended that he be moved to a less secure facility but did not also modify his sentence to allow that move to occur.[4]  In response, the State asserts that Parks has not met his burden to demonstrate that the trial court made a mistake.  We must agree with the State.

[14]  Here, Parks filed two motions to modify his sentence.  In his first motion, Parks informed the trial court that he had completed the therapeutic community program as well as four other rehabilitative programs.  He also asserted that, during his time in confinement, he has "remained clear of any major conduct reports[.]"  Appellant's App. Vol. II at 39.  Further, during the hearing on his first motion to modify, Parks informed the trial court that he "has enrolled in and completed each program" available to him through the system.  Tr. Vol. II at 3.  Additionally, Parks stated that he had been assigned to leadership and management roles in his programs.  At the end of that hearing, the court acknowledged that Parks "has done everything afforded to him under the rules and regulations of the Department of Correction."  *Id*. at 6.  But, even in light of that acknowledgment, the court denied Parks' first motion to modify his sentence.

[15]  Parks then filed his second motion to modify his sentence.  In that motion, Parks informed the trial court that he had been accepted into a residential recovery program.  The trial court held two hearings on Parks' second motion.

_____

[4]  In his Trial Rule 60(B) motion, Parks asserted both mistake and excusable neglect.  However, on appeal, Parks only asserts that the trial court made a mistake.

During the first hearing, Parks stated that he has "done all the programs" that his facility has to offer. *Id*. at 12. Then, during the second hearing, Parks reiterated all of the programs in which he has participated. And he repeated that he has "done every program in the facility" and that he has "remained conduct and report free for around six years now." *Id*. at 26. Even the State commended Parks on his accomplishments during the second hearing. But, again, the trial court declined to modify Parks' sentence and, accordingly, denied his second motion.

[16] The record indicates that Parks presented the trial court with all of the information regarding his accomplishments. And the record demonstrates that the trial court both considered and acknowledged those accomplishments. Thus, it is clear that the trial court considered the relevant evidence before it decided not to amend Parks' sentence.

[17] Still, Parks asserts that the trial court made a mistake when it denied his motion to modify because the Department of Correction could not implement the trial court's recommendation to place him in a less secure facility without a preceding sentence modification. However, the trial court's recommendation that Parks be moved out of a maximum-security facility was simply a nonbinding recommendation to the Department of Correction. Indeed, even the trial court stated that it could recommend that Parks be moved to a minimum-security facility but that the Department of Correction "do[es] not have to do that." *Id*. at 29. Accordingly, it is clear that the trial court

understood that it was possible that the Department of Correction would not move Parks to a less secure facility.

[18] As discussed above, the trial court considered all of Parks' achievements and accomplishments but still declined to modify his sentence. Thus, we cannot say that the trial court made a mistake when it denied Parks' motion to modify his sentence. Because Parks has not met his burden of demonstrating that the trial court made a mistake when it denied his motion to modify his sentence, we cannot say that the trial court abused its discretion when it denied Parks' Trial Rule 60(B)(1) motion for relief from judgment.[5] We therefore affirm the trial court.

[19] Affirmed.

Pyle, J., and Altice, J., concur.

---

[5] In their briefs on appeal, the parties dispute whether the consent of the prosecuting attorney was required to modify Parks' sentence in light of an amendment to Indiana Code Section 35-38-1-17 that occurred in 2018. But we need not determine whether the prosecuting attorney's consent was required to resolve this appeal. Even if the trial court did not need the consent of the prosecuting attorney to modify his sentence, as Parks contends, the trial court still did not make a mistake when it denied his Trial Rule 60(B) motion for the reasons discussed above.